UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

BIODUN IGINLA,

Plaintiff,

v.

STEVEN SAROFF,

Defendant.

Civil No. 01-2075 (ADM/AJB)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's "Application To Proceed Without Prepayment of Fees." (Docket No. 2.) Plaintiff is seeking permission to proceed in forma pauperis ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1), so that he will not have to pay the filing fee and other costs associated with this action. The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons stated below, it is recommended that Plaintiff's IFP application be denied, and that the action be dismissed.

**I. BACKGROUND**

On November 14, 2001, the Clerk of Court received a letter from Plaintiff indicating that he is "filing suit" against a man named Steven Saroff. The Clerk's Office construed that letter to be a "complaint," (Docket No. 1), and opened a file in this matter.[1]

[1] If this action were not being dismissed for the reasons discussed below, it still could not go forward on the basis of the current pleading. Plaintiff's so-called "complaint" does not satisfy the most basic pleading requirements prescribed by Fed. R. Civ. P. 8-11. It is deficient because (1) it does not include a caption identifying the parties, the court, and the nature of the pleading, (see Fed. R. Civ. P. 10(a)), and (2) it does not clearly set forth the factual and legal grounds on which Plaintiff's claims are based, in separate numbered paragraphs, (see Fed. R. Civ. P. 8(a) and 10(b)).

NOV 19 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

It appears from Plaintiff's "complaint" that he is attempting to sue Saroff for "online slander and aggravated assault," because Saroff allegedly wrote a disparaging review of a book that Plaintiff authored. Plaintiff states that he is "seeking damages of up to $50,000 for this assault on [his] reputation."

**II. DISCUSSION**

It is readily apparent that Plaintiff's claims do not arise under the Constitution, laws or treaties of the United States and that federal court jurisdiction in this matter therefore does not exist under the "federal question" statute -- 28 U.S.C. § 1331. Instead, Plaintiff has alleged nothing more than common law tort claims, (assault and defamation), which means that subject matter jurisdiction could exist only under the "diversity of citizenship" statute -- 28 U.S.C. § 1332. (Indeed, Plaintiff specifically cites § 1332 in his "complaint.") Jurisdiction is conferred by the diversity of citizenship statute when the parties are citizens of different states and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

The Court will assume for present purposes that Plaintiff is a resident of Minnesota, and that Defendant is not, which means that the parties may be considered to be "citizens of different states" for purposes of § 1332(a)(1).[2] However, the Court finds that § 1332's "amount in controversy" requirement is not satisfied in this case.

In order to satisfy the amount in controversy requirement, the damages sought by the plaintiff must exceed the jurisdictional minimum of $75,000. In the present case, Plaintiff has expressly stated that his damages do not exceed $50,000. Therefore, subject

---

[2] Plaintiff has submitted a civil cover sheet which indicates that he lives in Minneapolis, Minnesota, and that Saroff lives in Missoula, Montana.

matter jurisdiction does not exist under 28 U.S.C. § 1332.

Our Court of Appeals has confirmed that "for diversity jurisdiction to attach, the amount in controversy must exceed" the jurisdictional threshold. Larkin v. Brown, 41 F.3d 387, 389 (8th Cir. 1994) (emphasis in the original).[3] Where the amount in controversy does not exceed the amount prescribed by statute, which is currently $75,000, a federal court does not have subject matter jurisdiction under § 1332. Id. Because Plaintiff's damages, by his own reckoning, will not exceed $50,000, there is no federal subject matter jurisdiction here.

Whenever it becomes apparent that a court lacks subject matter jurisdiction in a particular case, the court, acting on its own initiative if necessary, should dismiss the action. Fed. R. Civ. P. 12(h)(3);[4] Williams v. Rogers, 449 F.2d 513, 518 (8th Cir. 1971) ("where jurisdiction does not exist the court, whether trial or appellate, shall dismiss the action sua sponte"), cert. denied, 405 U.S. 926 (1972), (citing Louisville and Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)). The instant proceedings will therefore be dismissed on the Court's own motion, for the reasons discussed herein. The action will be dismissed without prejudice, however, so that Plaintiff may pursue his claims in an appropriate state court forum, if he chooses to do so.

---

[3] In Larkin, the plaintiff claimed to have suffered damages in the amount of $50,000, which equaled but did not exceed the jurisdictional threshold amount in effect at that time. The Court of Appeals ruled that "[a]lthough they were but a penny shy, Larkin and his counsel have defeated their own cause by failing to allege the jurisdictional amount." 41 F.3d at 389.

[4] Fed. R. Civ. P. 12(h)(3) provides that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

**III. RECOMMENDATION**

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application To Proceed Without Prepayment Of Fees," (Docket No. 2), be DENIED; and

2. The action be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(h)(3).

Dated: November 19, 2001

ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.